UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LADARIUS ANTWAIN NELSON** | **CIVIL ACTION NO. 08-0423** |
| VS. | SECTION P |
| **JUDGE CARL VAN SHARP** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Ladarius Antwain Nelson, an inmate in the custody of Louisiana's Department of Public Safety and Corrections who is presently incarcerated at the Union Parish Detention Center, Farmerville, Louisiana, filed the instant pro se civil rights complaint (42 U.S.C. §1983) on March 25, 2008. On April 3, 2008, he was permitted to proceed *in forma pauperis*. Plaintiff complains that Judge Carl Van Sharp of Louisiana's Fourth Judicial District Court revoked plaintiff's parole in the same case on three separate days. Plaintiff prays to be compensated for false imprisonment and for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this complaint be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(iii) since plaintiff seeks monetary relief from a defendant who is immune from such relief.

*Statement of the Case*

On some unspecified date, plaintiff was apparently convicted of Flight from an Officer/Aggravated Flight, and/or Child Desertion, and/or Resisting an Officer and/or No Drivers License in the matter of *State of Louisiana v. Ladarius A. Nelson*, No. 06-F-002505 of the Fourth

Judicial District Court; the sentences were apparently suspended and plaintiff was placed on supervised probation by the Court.

On July 26, 2007, a probation revocation hearing was convened. After hearing the evidence, Judge Carl Van Sharp revoked plaintiff's probation and ordered him to serve the balance of his original sentence. [doc. 1, p. 5] On October 3, 2007, plaintiff returned to court with his attorney, Jay Nolen. Plaintiff admitted to violating his probation. The Judge found that he was in violation, nevertheless he ordered him released from custody on the condition that he obtain a driver's license and report to his probation officer. Final disposition of the case was scheduled for January 22, 2008. [doc. 1, p. 6] Plaintiff was returned to court on December 5, 2007, for clarification of sentencing. The Judge vacated the sentencing order of October 31, 2007. However, plaintiff's probation was again revoked and he was ordered to serve the balance of his original sentence. He was given credit for all time served and for all time served on probation supervision. [doc. 1, p. 7]

Plaintiff filed this complaint on March 25, 2008. As noted, plaintiff complains that Judge Carl Van Sharp revoked his probation three times; he seeks compensatory damages for false imprisonment and pain and suffering.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint pursuant to §1915(e)(2)(B) based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides the specifics of his theory of liability with respect to the defendant. Further amendment would serve no legitimate purpose. Plaintiff's complaint may be resolved on initial review.

## 2. Judicial Immunity

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave

procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting <u>maliciously and corruptly</u>." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

    Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

    In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function;

(2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;  (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant.  Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.*  In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Here plaintiff faults Judge Carl Van Sharp for actions of a purely judicial nature.  The revocation of probation is a normal judicial function; the revocation of plaintiff's probation occurred in the courtroom; the controversy centered around a case pending before the court (*State of Louisiana v. Ladarius A. Nelson*, No. 06-F-002505); and the complained of acts arose directly out of a visit to the judge in his official capacity as established by the court minutes submitted by the plaintiff.  Judge Carl Van Sharp is clearly entitled to judicial immunity. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C.1915(e)(2)(B)(iii)  because plaintiff is seeking monetary damages against a defendant who is immune from such relief.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 16, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE